UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

NICOLE LEE DUNN,

                            Plaintiff,

                                                                                 5:23-CV-0663
v.                                                                             (GTS/TWD)

JOHN DUBIEL, Chadwick Residence Board Pres.;
JENNI GRATIEN, Exec. Dir.;
ANNE GANNON, Admin./Assis. to Exec. Dir.; and
JOY M. KING, Case Mgr./Supervisor,

                            Defendants.
_____

APPEARANCES:

NICOLE LEE DUNN
  Plaintiff, *Pro Se*
8418 Theodolite Drive, #722
Baldwinsville, New York 13027

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

      Currently before the Court, in this *pro se* civil rights action filed by Nicole Lee Dunn ("Plaintiff") against the four above-named officers and employees of the Chadwick Residence in Syracuse, New York ("Defendants"), are (1) United States Magistrate Judge Thérèse Wiley Dancks' Report-Recommendation recommending that Plaintiff's Complaint be *sua sponte* dismissed with leave to amend for lack of subject-matter jurisdiction and/or failure to state a claim, and (2) Plaintiff's Objection to the Report-Recommendation.[1] (Dkt. Nos. 4, 7.)

---

[1]     At her request, Plaintiff was granted until September 1, 2023, by which to file an Objection to the Report-Recommendation. (Dkt. No. 6.) Although her Objection was six days late, the Court has accepted it for consideration, out of special solicitude to her as a *pro se* civil rights litigant. (Dkt. No. 8.)

Even when it construes Plaintiff's Objection with the utmost of special lenience, the Court has difficulty identifying in it any specific challenge to the Report-Recommendation. (*Compare* Dkt. No. 7 *with* Dkt. No. 4.)[2] In any event, after carefully reviewing the relevant papers herein, including Magistrate Judge Dancks' thorough Report-Recommendation, the Court can find no error in the Report-Recommendation, clear or otherwise.[3] Magistrate Judge Dancks employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons set forth therein. (Dkt. No. 4.) To those reasons, the Court adds only one point.

To the extent that Plaintiff's Objection attempts to cure the pleading defects in her original Complaint that were identified in the Report-Recommendation, the Court will not treat

---

[2] When a specific objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a de novo review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c); *see also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[3] When no specific objection is made to a report-recommendation, the Court subjects that report-recommendation to only a clear-error review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a clear-error review, "the court need only satisfy itself that there is no clear error on the face of the record in order t accept the recommendation." *Id.*; *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).

her "Objection" as an Amended Complaint for two reasons, out of special solicitude to Plaintiff as a *pro se* civil rights litigant. First, she has not yet had the benefit of knowing whether the Report-Recommendation has been adopted and accepted by this Court. *Cf. Cresci v. Mohawk Valley Community College*, 693 F. App'x 21, 25 (2d Cir. June 2, 2017) ("A plaintiff has no obligation to replead merely because the defendant has argued that the complaint is deficient, without knowing whether the court will agree."). Second, any such Amended Complaint would be futile because it attempts to incorporate by reference portions of her original Complaint, which (as Magistrate Judge Dancks has advised Plaintiff) would be improper. (Dkt. No. 4, at 6-7.)

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Dancks' Report-Recommendation (Dkt. No. 4) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) **SHALL BE** *sua sponte* **DISMISSED**, without further Order of this Court, **UNLESS**, with **THIRTY (30) DAYS** from the date of this Decision and Order, Plaintiff files an **AMENDED COMPLAINT** that cures the pleading defects in her original Complaint that were identified in the Report-Recommendation; and it is further

**ORDERED** that, should Plaintiff wish to file an Amended Complaint in this action, the Amended Complaint must be a complete pleading that does not incorporate by reference any portion of her original Complaint, and that supersedes and replaces that original Complaint in all regards; and it is further

**ORDERED** that, should Plaintiff file an Amended Complaint, the Amended Complaint

3

shall be referred to Magistrate Judge Dancks for further review pursuant to 28 U.S.C. § 1915.

Dated: February 7, 2024
      Syracuse, New York

Glenn T. Suddaby
U.S. District Judge