UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

NICOLE LEE DUNN,

                                    Plaintiff,

                                                                        5:23-cv-00663
v.                                                                      (GTS/TWD)

JOHN DUBIEL, Chadwick Residence Board Pres.;
JENNI GRATIEN, Exec. Dir.;
ANNE GANNON, Admin./Assis. to Exec. Dir.; and
JOY M. KING, Case Mgr./Supervisor,

                                    Defendants.

_____

APPEARANCES:

NICOLE LEE DUNN
*Plaintiff, pro se*
8418 Theodolite Drive
#722
Baldwinsville, NY 13027

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

**ORDER AND REPORT-RECOMMENDATION**

        The Clerk has sent to the Court for review an Amended Complaint submitted by *pro se*

plaintiff Nicole Lee Dunn ("Plaintiff") against the four above-named officers and employees of

the Chadwick Residence in Syracuse, New York ("Defendants").  (Dkt. No. 18.)  For the reasons

stated below, the Court recommends Plaintiff's Amended Complaint be dismissed without

prejudice and without leave to amend.

**I.    BACKGROUND**

        On June 5, 2023, Plaintiff filed a *pro se* civil rights Complaint, under 42 U.S.C. § 1983,

together with an application for leave to proceed *in forma pauperis* ("IFP").  (Dkt. Nos. 1, 2.)

By Order and Report-Recommendation issued June 20, 2023, the undersigned granted Plaintiff's IFP application, reviewed the sufficiency of the Complaint pursuant to 28 U.S.C. § 1915(e), and recommended the Complaint be *sua sponte* dismissed with leave to amend for lack of subject-matter jurisdiction and/or failure to state a claim.  (Dkt. No. 4.)

Plaintiff filed an Objection.  (Dkt. No. 7.)  By Decision and Order issued February 7, 2024, the Hon. Glenn T. Suddaby, United States District Court Judge, accepted and adopted the Report-Recommendation in its entirety.  (Dkt. No. 14.)  It was further ordered Plaintiff's Complaint would be dismissed unless Plaintiff filed an Amended Complaint within 30 days that cured the pleading defects in her original Complaint that were identified in the Report-Recommendation.  *Id.*

On February 26, 2024, Plaintiff filed "Objections" to the Decision and Order, which was construed as a motion for reconsideration and denied.[1]  (Dkt. Nos. 15, 17.)  Out of special solicitude to Plaintiff, the deadline to file an Amended Complaint was extended to March 11, 2024.  (Dkt. No. 15.)  Plaintiff availed herself of the opportunity to amend, and the Court received the Amended Complaint on March 12, 2024.[2]  (Dkt. No. 18.)

## II.    STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  The Court must also dismiss a complaint, or portion thereof, when the Court lacks subject matter

---

[1]  Plaintiff also filed a letter motion requesting an oral argument, which was denied as moot and, in the alternative, as unsupported by a showing of cause.  (Dkt. Nos. 16, 17.)

[2]  In light of Plaintiff's *pro se* status, the Court recommends the Amended Complaint be accepted for filing even though it was submitted after the March 11, 2024, deadline.

jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). In reviewing a complaint, the Court has a duty to show liberality toward *pro se* litigants. *See Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (holding that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . or (2) the claim is based on an indisputably meritless legal theory.").

A complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). This short and plain statement of the claim must be "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The statement of the claim must do more than present "an unadorned, the-defendant-harmed-me accusation." *Id.* It must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555; *see also* Fed. R. Civ. P. 8(a)(2).

In determining whether a complaint states a claim upon which relief may be granted, "the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements

of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id*.

## III.    ANALYSIS

Plaintiff purportedly brings this action pursuant to 42 U.S.C. § 1983.  (Dkt. No. 18.) Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990).  Section 1983 does not create any independent substantive right, but rather "provides a civil claim for damages" to "redress . . . the deprivation of [federal] rights established elsewhere." *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999); *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993).  "To state a valid claim under § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. Cnty. of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997).

The requirement that the defendant acted under "color of state law" is jurisdictional. *Polk Cnty. v. Dodson*, 454 U.S. 312, 315 (1981).  Private parties are not generally considered to be state actors.  *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013).  Private conduct is simply beyond the reach of Section 1983 "no matter how discriminatory or wrongful that conduct may be." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999).  A private party may act under color of state law if he or she engages in conduct that constitutes willful participation in joint activity with the state. *Sybalski v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d 255, 257 (2d Cir. 2008) (per curiam).  The nexus to the state must be so close as to be

fairly treated as that of the state itself. *Tancredi v. Metro Life Ins. Co.*, 316 F.3d 308, 312 (2d Cir. 2003) (citations omitted).

Similar to the original Complaint, the twelve-page Amended Complaint is difficult to decipher and fails to provide sufficient information for the Court to review or for Defendants to have notice of the claims asserted against them. (*Compare* Dkt. No. 18 *with* Dkt. No. 1.) Plaintiff also disregarded the Court's Order that "the Amended Complaint must be a complete pleading that does not incorporate by reference any portion of her original Complaint, and that supersedes and replaces that original Complaint in all regards" and she continues to lodge objections to the Court's prior rulings. (Dkt. No. 14 at 3.) By way of example, the Amended Complaint states that defendant Gratien:

> did not afford complete processes in regard to timely and par to Resident Manuel signed May 31, 2017 by Case Manager/Staff Sheridan Sanford and I that Ms. Gratien referred to in verbal and written format or via persons to correspond on her behalf to which burden(s) and hardship were to me that applicable jurisdiction to incident(s) were not par to individual rights via appliable jurisdiction and law [Reference exhibit "A" Chadwick Manual 20 pgs. total]; therefore, the verbal and written complaints/grievance submitted per incident in regard to poor living conditions, abusive situations, lack of acknowledgement and/or complete processes resulted in categories selected on civil cover sheet.

(Dkt. No. 18 at 8.[3]) Plaintiff requests an:

> oral hearing in person to appropriately in regard to defendants were with burden time conclusive per incident(s) and complaint/grievance to which probable cause of reasonable is defendant of one or more (to each name stated; not limited to) engaged in business practices (not limited to) that are cause to all asserted causes, truth, facts, allegations (not limited to): therefore, created a perspective of actual to action/actionable that produced burden and hardship to I and per reference to categories civil cover sheet dated 06/05/2023.

---

[3] Excerpts from Plaintiff's Amended Complaint are reproduced exactly as they appear in the original and errors in spelling, punctuation, and grammar have not been corrected.

> Additionally, reference is to <u>order report-recommendation</u> on 06/20/2023 (TWD) pg. 4 B. Analysis ¶ 2 in regard to "relief and damages" (not limited to).

*Id*. at 12.  Plaintiff states:

> I inform the court decision is to the reasonable of individual right to articulate and abide to accordance of the court from perspective of sincerity to Pro Se whom requests a critical necessity for an oral hearing in person to afford an end result of legal right to any/all applicable law(s) of constitutional, civil, etc. (not limited to).

*Id*. at 6-7.

Having carefully reviewed the Amended Complaint, the Court finds it is clearly "a case[ ] in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised."  *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted).  A complaint that fails to comply with the pleading requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims."  *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996).

Moreover, it appears this Court lacks jurisdiction to hear any of Plaintiff's claims.  *See generally Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (the plaintiff bears the burden of establishing subject matter jurisdiction).  To that end, Defendants are private parties and Plaintiff has not alleged they acted under color of state law; therefore, they cannot be sued under § 1983.  *See Basile v. Connolly*, 538 F. App'x 5, 7 (2d Cir. 2013) (summary order) ("private individuals who cannot be sued under 42 U.S.C. § 1983 absent a plausible allegation that they acted under color of state law.").  Nor has Plaintiff identified any violation of a right guaranteed by federal law or the U.S. Constitution such that her right to relief requires resolution

of a substantial question of federal law.  *Dobbs v. SEFCU*, No. 1:22-CV-1228 (LEK/TWD),

2022 WL 17617752, at *2 (N.D.N.Y. Dec. 13, 2022) ("Federal question jurisdiction exists where

the complaint 'establishes either that federal law creates the cause of action or that the plaintiff's

right to relief necessarily depends on a resolution of a substantial question of federal law.'")

(citing *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)),

*report and recommendation adopted*, 2023 WL 1431633 (N.D.N.Y. Feb. 1, 2023).  Lastly, the

Amended Complaint fails to invoke diversity jurisdiction.  *See generally Cushing v. Moore*, 970

F.2d 1103, 1106 (2d Cir. 1992) ("28 U.S.C. § 1332 requires complete diversity between all

plaintiffs and all defendants[.]").

 Given its lack of clarity, the Court recommends the *sua sponte* dismissal of the Amended

Complaint without prejudice because it is not acceptable under Rules 8 and 10 of the Federal

Rules of Civil Procedure, any claims against Defendants are entirely unclear, and/or the

Amended Complaint does not cure the pleading defects in her original Complaint that were

identified in the prior Report-Recommendation.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii); Fed. R. Civ.

P. 12(h); *see also Hollander v. Garrett*, 710 F. App'x 35, 36 (2d Cir. 2018) ("[D]ismissal for

subject matter jurisdiction must be without prejudice.").

 District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its

defects, but leave to amend may be denied if the plaintiff has already been given an opportunity

to amend but has failed to cure the complaint's deficiencies.  *See Ruotolo v. City of New York*,

514 F.3d 184, 191 (2d Cir. 2008) ("Where it appears that granting leave to amend is unlikely to

be productive . . . it is not an abuse of discretion to deny leave to amend."); *see also Nat'l Credit

Union Admin. Bd. v. U.S. Bank Nat'l Ass'n*, 898 F.3d 243, 257 (2d Cir. 2018) ("When a plaintiff

was aware 'of the deficiencies in his complaint when he first amended,' he 'clearly has no right

to a second amendment[.]'") (quoting *Denny v. Barber*, 576 F.2d 465, 471 (2d Cir. 1978)).

Here, because Plaintiff has already been given an opportunity to amend and the Amended

Complaint fails to remedy the deficiencies previously identified in the prior Report-

Recommendation, the undersigned has no doubt that any future attempts would be fruitless.

Therefore, the Court recommends dismissal of the Amended Complaint without leave to amend.

## IV.    CONCLUSION

**ACCORDINGLY,** it is hereby

**RECOMMENDED** that Plaintiff's Amended Complaint (Dkt. No. 18) be **ACCEPTED**

for filing purposes only; and it is further

**RECOMMENDED** that Plaintiff's Amended Complaint (Dkt. No. 18) be **DISMISSED**

**WITHOUT PREJUDICE AND WITHOUT LEAVE TO AMEND**; and it is further

**ORDERED** that the Clerk serve a copy of this Order and Report-Recommendation on

Plaintiff, along with a copy of the unpublished decisions cited herein in accordance with *Lebron*

*v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff has fourteen days within which to file written

objections to the foregoing report.[4]  Such objections shall be filed with the Clerk of the Court.

<u>**FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL**</u>

<u>**PRECLUDE APPELLATE REVIEW**</u>.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing

---

[4]  If you are proceeding *pro se* and are served with this Order and Report-Recommendation by
mail, three additional days will be added to the fourteen-day period, meaning that you have
seventeen days from the date the Order and Report-Recommendation was mailed to you to serve
and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a
Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day
that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. 6(a)(1)(C).

*Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 72, 6(a).

   **IT IS SO ORDERED.**

Dated: April 9, 2024
       Syracuse, New York

Therèse Wiley Dancks
United States Magistrate Judge

Dobbs v. SEFCU, Not Reported in Fed. Supp. (2022)

2022 WL 17617752

2022 WL 17617752
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Kristy DOBBS, Plaintiff,
v.
SEFCU, Defendant.

1:22-CV-1228 (LEK/TWD)
|
Signed December 13, 2022

**Attorneys and Law Firms**

KRISTY DOBBS, Plaintiff, pro se, 315 Sheridan Ave.,
Albany, NY 12206.

**ORDER AND REPORT-RECOMMENDATION**

THÉRÈSE WILEY DANCKS, United States Magistrate
Judge

**\*1** Kristy Dobbs ("Plaintiff"), proceeding *pro se*,
commenced this action against SEFCU ("Defendant") on
November 18, 2022, and, in lieu of paying the Northern
District of New York's filing fee, seeks leave to proceed *in
forma pauperis* ("IFP"). (Dkt. Nos. 1, 2.)

**I. IFP APPLICATION**

Plaintiff declares that she is unable to pay the filing fee for
this action. (*See* Dkt. No. 2.) The undersigned has reviewed
Plaintiff's IFP application and determines she financially
qualifies to proceed IFP. Therefore, Plaintiff's IFP application
is granted. [1]

[1]     Plaintiff is advised that she will still be required to
        pay any costs and fees that she may incur in this
        matter, including, but not limited to, any copying
        fees or witness fees.

**II. SCREENING OF THE COMPLAINT**

**A. Legal Standard**

Under Section 1915(e), the Court must dismiss a complaint
filed IFP if it determines that the action "(i) is frivolous or
malicious; (ii) fails to state a claim on which relief may be
granted; or (iii) seeks monetary relief against a defendant

who is immune from such relief." 28 U.S.C. § 1915(e)(2)
(B); *see* Livingston v. Adirondack Beverage Co., 141 F.3d
434, 437 (2d Cir. 1998). The Court must also dismiss a
complaint, or portion thereof, when the Court lacks subject
matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the
law mandates dismissal on any of these grounds, the Court
is obliged to construe *pro se* pleadings liberally, *Harris v.
Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to
raise the "strongest [claims] that they *suggest.*" *Triestman
v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir.
2006) (internal quotations and citations omitted, emphasis in
original).

A claim is frivolous when it "lacks an arguable basis either
in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325
(1989), *abrogated on other grounds by* Bell Atl. Corp. v.
Twombly, 550 U.S. 544 (2007); *see also* Denton v. Hernandez,
504 U.S. 25, 33 (1992) (holding that "a finding of factual
frivolousness is appropriate when the facts alleged rise to the
level of the irrational or the wholly incredible"); *Livingston*,
141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1)
the factual contentions are clearly baseless ... or (2) the claim
is based on an indisputably meritless legal theory.") (internal
quotations and citation omitted). To survive dismissal for
failure to state a claim, a complaint must contain a short
and plain statement of the claim showing that the pleader is
entitled to relief. Fed. R. Civ. P. 8(a)(2). This short and plain
statement of the claim must be "plausible on its face." *Bell
Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim
has facial plausibility when the plaintiff pleads factual content
that allows the court to draw the reasonable inference that the
defendant is liable for the misconduct alleged." *Ashcroft v.
Iqbal*, 556 U.S. 662, 678 (2009). The statement of the claim
must do more than present "an unadorned, the-defendant-
harmed-me accusation." *Id.* It must "give the defendant fair
notice of what the claim is and the grounds upon which it
rests." *Twombly*, 550 U.S. at 555; *see also* Fed. R. Civ. P. 8(a)
(2).

**\*2** In determining whether a complaint states a claim upon
which relief may be granted, "the court must accept the
material facts alleged in the complaint as true and construe
all reasonable inferences in the plaintiff's favor." *Hernandez
v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994). "[T]he tenet
that a court must accept as true all of the allegations contained in
a complaint is inapplicable to legal conclusions." *Iqbal*, 556
U.S. at 678. "Threadbare recitals of the elements of a cause
of action, supported by mere conclusory statements, do not
suffice." *Id.*

**Dobbs v. SEFCU, Not Reported in Fed. Supp. (2022)**

Case 5:23-cv-00663-GTS-TWD   Document 19   Filed 04/09/24   Page 11 of 15

2022 WL 17617752

### B. Summary of the Complaint

Plaintiff alleges in her Complaint that money was withdrawn from her account at Defendant SEFCU. (Dkt. No. 1.) She does not specify when or how much. *Id.* Plaintiff requests that the Court orders SEFCU to reimburse her in the amount of $20,000. *Id.* [2]

[2]    Plaintiff has also filed three separate actions in this District against Citizens Bank alleging someone withdrew money from her account. *See Dobbs v. Citizens Bank et al.*, 1:10-cv-01487-LEK-RFT, Dkt. No. 1(2010) ("*Dobbs I*"); *Dobbs v. Citizen Bank*, 1:20-cv-00627-GLS-CFH, Dkt. No. 1 (2020) ("*Dobbs II*"); *Dobbs v. Citizens Bank*, 1:22-cv-01226-TJM-DJS, Dkt. No. 1 (2022) ("*Dobbs III*"). *Dobbs I* and *Dobbs II* were dismissed for failure to state a claim upon which relief could be granted and lack of federal subject matter jurisdiction. On December 7, 2022, U.S. Magistrate Judge Daniel J. Stewart conducted an initial review in *Dobbs III* and recommended dismissal of the complaint.

### C. The Court's Analysis

Plaintiff provides almost no context to her allegations. More importantly, Plaintiff fails to demonstrate this Court's jurisdiction as she demonstrates neither federal question jurisdiction nor diversity jurisdiction. *See Smith ex rel. Bey v. Kelly*, 12-CV-2319, 2012 WL 1898944, at *2 (E.D.N.Y. May 24, 2012) (court is obligated to analyze whether subject matter jurisdiction exists as a part of § 1915(e) initial review and to dismiss the complaint when subject matter jurisdiction is found lacking).

Although Plaintiff has used a complaint form alleging subject matter jurisdiction pursuant to federal question, Plaintiff has failed to establish federal question jurisdiction as she has not set forth a federal law claim. 28 U.S.C. § 1331 confers onto federal courts subject matter jurisdiction over all federal questions, or "all civil actions arising under the Constitution, laws, or treaties of the United States." Federal question jurisdiction exists where the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on a resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983). Even liberally construed, Plaintiff identifies

no statute under which her Complaint is brought and the Court can discern none. Plaintiffs' Complaint, at best, alleges possible state law claims for fraud in connection with the transaction. Therefore, the Court finds there is no federal question jurisdiction.

To properly allege diversity jurisdiction, Plaintiff must allege (1) diversity of citizenship between the parties, and (2) an amount in controversy that exceeds $75,000. *See* 28 U.S.C. § 1332(a). Here, Plaintiff cannot establish diversity jurisdiction because Plaintiff and Defendant are both citizens of the same state, New York. Plaintiff provides that she lives in Albany, New York and SEFCU is located in Albany, New York. Moreover, the amount in controversy is $20,000. Therefore, the Court finds there is no diversity jurisdiction.

**\*3** Accordingly, the undersigned recommends dismissing Plaintiff's Complaint without prejudice. [3] *Hollander v. Garrett*, 710 F. App'x 35, 36 (2d Cir. 2018) ("[D]ismissal for subject matter jurisdiction must be without prejudice."). Generally, when the court dismisses a *pro se* complaint *sua sponte*, the court should afford the plaintiff the opportunity to amend at least once; however, leave to replead may be denied where any amendment would be futile. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). "[L]ack of subject matter jurisdiction is a substantive defect that cannot be cured by better pleading." *Moran v. Proskauer Rose LLP*, No. 1:17-CV-00423 (MAD/TWD), 2017 WL 3172999, at *3 (N.D.N.Y. July 26, 2017). In deference to Plaintiff's *pro se* status and out of an abundance of caution, the Court recommends granting Plaintiff leave to amend.

[3]    In light of the foregoing recommendation, Plaintiff is not prevented from filing a complaint in an appropriate state court, should she wish to do so. However, the undersigned makes no finding as to whether Plaintiff can successfully or properly bring the complaint in state court.

The Court advises Plaintiff that should she be permitted to amend her Complaint, any amended pleading she submits must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Any such amended complaint should specifically identify the legal theory or theories that form the basis for her claim.

Plaintiff is cautioned that no portion of her prior Complaint shall be incorporated into her amended complaint by reference. Any amended complaint submitted by Plaintiff

Dobbs v. SEFCU, Not Reported in Fed. Supp. (2022)
Case 5:23-cv-00663-GTS-TWD    Document 19    Filed 04/09/24    Page 12 of 15
2022 WL 17617752

must set forth all of the claims she intends to assert against the Defendant and must demonstrate that a case or controversy exists between the Plaintiff and the Defendant which Plaintiff has a legal right to pursue and over which this Court has jurisdiction. If Plaintiff is alleging that the named Defendant violated a law, she should specifically refer to such law. Lastly, Plaintiff is further cautioned that the filing of vexatious, harassing, or duplicative lawsuits may result in the imposition of sanctions, including limitations on her ability to file without prior permission of the Court. *See Ajamian v. Nimeh*, 14-CV-0320 (GTS), 2014 WL 6078425, at *3 (N.D.N.Y. Nov. 13, 2014) ("[A] federal district court may impose reasonable filing restrictions on a *pro se* litigant in that particular court, pursuant to 28 U.S.C. § 1651(a) and its inherent authority to control and manage its own docket so as to prevent abuse in its proceedings."); *see also In re Sassower*, 20 F.3d 42, 44 (2d Cir. 1994) (where a *pro se* plaintiff has demonstrated a "clear pattern of abusing the litigation process by filing vexatious and frivolous complaints," a "leave to file" requirement may be instituted by the court as an appropriate sanction); *Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) ("If a litigant has a history of filing vexatious, harassing or duplicative lawsuits, courts may impose sanctions, including restrictions on future access to the judicial system."); *see, e.g.*, *Johnson v. Progressive.com*, 19-cv-11202-CM, 2020 WL 589127, at *1 (S.D.N.Y. Feb. 5, 2020) (declining to grant *pro se* plaintiff leave to amend in light of the plaintiff's "abusive litigation history" and where amendment would be futile).

## III. CONCLUSION

For the reasons sated herein, it is hereby

**ACCORDINGLY**, it is hereby

**ORDERED** that Plaintiff's IFP application (Dkt. No. 2) is **GRANTED;** and it is further

**RECOMMENDED** that Plaintiff's Complaint (Dkt. No. 1) be **DISMISSED WITHOUT PREJUDICE AND WITH LEAVE TO AMEND;** and it is further

 *4 **ORDERED** that the Clerk provide Plaintiff with a copy of this Order and Report-Recommendation, along with copies of the unpublished decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. [4] Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 72, 6(a).

[4]     If you are proceeding *pro se* and are served with this Order and Report-Recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order and Report-Recommendation was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. 6(a)(1)(C).

**All Citations**

Not Reported in Fed. Supp., 2022 WL 17617752

---

**End of Document**                                    © 2024 Thomson Reuters. No claim to original U.S. Government Works.

**Dobbs v. SEFCU, Not Reported in Fed. Supp. (2023)**
Case 5:23-cv-00663-GTS-TWD    Document 19    Filed 04/09/24    Page 13 of 15

2023 WL 1431633

2023 WL 1431633
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Kristy DOBBS, Plaintiff,

v.

SEFCU, Defendant.

1:22-cv-01228 (AMN/TWD)
|
Signed February 1, 2023

**Attorneys and Law Firms**

KRISTY DOBBS, 315 Sheridan Ave., Albany, NY 12206, Plaintiff, Pro Se.

**MEMORANDUM-DECISION AND ORDER**

Anne M. Nardacci, United States District Judge:

### I. INTRODUCTION

**\*1** On November 18, 2022, Plaintiff *pro se* Kristy Dobbs commenced this action alleging that money was improperly withdrawn from her account at Defendant SEFCU. *See* Dkt. No. 1 at 4. Plaintiff also sought leave to proceed *in forma pauperis* ("IFP"). Dkt. No. 2. This matter was referred to United States Magistrate Judge Thérèse Wiley Dancks, who, on December 13, 2022, issued an Order and Report-Recommendation granting Plaintiff's application to proceed IFP, and recommending that Plaintiff's complaint be dismissed without prejudice and with leave amend. *See* Dkt. No. 5 at 6. On December 19, 2022, Plaintiff filed a response to the Report-Recommendation. Dkt. No. 6.

For the reasons set forth below, the Court adopts the Report-Recommendation in its entirety, and orders that the Complaint is dismissed without prejudice and with leave to amend.

### II. STANDARD OF REVIEW

This court reviews *de novo* those portions of a magistrate judge's report-recommendations that have been properly preserved with a specific objection. 28 U.S.C. § 636(b)(1)(C). "To be 'specific,' the objection must, with particularity, 'identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection.' " *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012) (alteration in original) (quoting N.D.N.Y. Local Rule 72.1(c)). When a party files "[g]eneral or conclusory objections, or objections which merely recite the same arguments [previously] presented to the magistrate judge," the district court reviews a magistrate judge's report-recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322 (TJM)(DRH), 2011 WL 933846, at \*1 (N.D.N.Y. Mar. 16, 2011) (citations omitted); *accord Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) (a "statement, devoid of any reference to specific findings or recommendations to which [the plaintiff] objected and why, and unsupported by legal authority, was not sufficient to preserve" a claim).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.' " *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted). The Second Circuit has held that courts are obligated to " 'make reasonable allowances to protect *pro se* litigants' " from inadvertently forfeiting legal rights merely because they lack a legal education. *Govan*, 289 F. Supp. 2d at 295 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). That said, "even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal ...." *Machicote v. Ercole*, No. 06 Civ. 13320 (DAB)(JCF), 2011 WL 3809920, at \*2, (S.D.N.Y. Aug. 25, 2011) (citation omitted); *accord Caldwell v. Petros*, No. 1:22-cv-567 (BKS/CFH), 2022 WL 16918287, at \*1 (N.D.N.Y. Nov. 14, 2022). After appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1)(C).

### III. DISCUSSION

**\*2** Plaintiff has not identified any portion of the Report-Recommendation that Plaintiff asserts to be error. In response to the Report-Recommendation, Plaintiff submitted a document docketed as an objection. Dkt. No. 6. Plaintiff's submission restates the Statement of Claim from the Complaint, *compare* Dkt. No. 6, *with* Dkt. No. 1 at 4, and does not reference the Report-Recommendation or identify any objection to the analysis in the Report-Recommendation. Plaintiff has thus failed to preserve an objection, and the Court reviews the Report-Recommendation for clear error. *See Caldwell*, 2022 WL 16918287, at \*1; *O'Diah*, 2011 WL 933846, at \*1.

Dobbs v. SEFCU, Not Reported in Fed. Supp. (2023)

Case 5:23-cv-00663-GTS-TWD    Document 19    Filed 04/09/24    Page 14 of 15

2023 WL 1431633

The Report-Recommendation appropriately applied the legal standard for review of a *pro se* complaint under Section 1915(e)(2)(B) of Title 28 of the United States Code and Rule 12(h)(3) of the Federal Rules of Civil Procedure. *See* Dkt. No. 5 at 2-3 (citing, *inter alia, Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) and *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006)). Magistrate Judge Dancks determined that Plaintiff failed to establish federal question jurisdiction because, even when liberally construed, "Plaintiff identifies no statute under which her Complaint is brought and the Court can discern none." *Id.* at 4; *see* Dkt. No. 1 at 3. Furthermore, Magistrate Judge Dancks determined that "Plaintiff cannot establish diversity jurisdiction because Plaintiff and Defendant are both citizens of" New York State, and "the amount in controversy is $20,000." Dkt. No. 5 at 4; *see* Dkt. No. 1 at 3-4. Accordingly, Magistrate Judge Dancks correctly concluded that "Plaintiff fails to demonstrate this Court's jurisdiction as she demonstrates neither federal question jurisdiction nor diversity jurisdiction." Dkt. No. 5 at 3-4 (citing *Smith ex rel. Bey v. Kelly*, 12-CV-2319 (JS)(AKT), 2012 WL 1898944, at *2 (E.D.N.Y. May 24, 2012)).

Finally, considering Plaintiff's *pro se* status, Magistrate Judge Dancks recommended dismissal of the Complaint without prejudice and with leave to amend.[1] The Court agrees that Plaintiff should be granted an opportunity to amend the complaint in light of her *pro se* status. *See Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) ("Generally, leave to amend should be freely given, and a *pro se* litigant in particular should be afforded every reasonable opportunity to demonstrate that he has a valid claim.") (citation omitted); *Bruce v. Tompkins Cty. Dep't of Soc. Servs. ex rel. Kephart*, No. 5:14-CV-0941 (GTS/DEP), 2015 WL 151029, at *4 (N.D.N.Y. Jan. 7, 2015) ("a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once 'when a liberal reading of the complaint gives any indication that a valid claim might be stated' ") (quoting *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991)).

[1]     Magistrate Judge Dancks noted that "Plaintiff is not prevented from filing a complaint in an appropriate state court, should she wish to do so," although she made no determination as to whether Plaintiff could successfully or properly bring such a claim. Dkt. No. 5 at 5-6 & n.3.

Having reviewed the Report-Recommendation for clear error and found none, the Court adopts the Report-Recommendation in its entirety.[2]

[2]     The Court reiterates Magistrate Judge Dancks's admonition to Plaintiff that any amended complaint or submission to this Court must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure, including by specifically identifying the facts and legal theory or theories that form the basis of any claim. Additionally, Magistrate Judge Dancks appropriately cautioned Plaintiff that filing vexatious, harassing, or duplicative lawsuits may result in the imposition of sanctions, which may include limitations on Plaintiff's ability to file submissions in federal court without prior permission of the Court. *See* Dkt. No. 5 at 5-6.

## IV. CONCLUSION

**\*3** Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 5, is **ADOPTED in its entirety**; and the Court further

**ORDERS** that the Complaint, Dkt. No. 1, is **DISMISSED without prejudice and with leave to amend**; and the Court further

**ORDERS** that Plaintiff shall file an amended complaint within **THIRTY (30) DAYS** of the filing date of this Order; and the Court further

**ORDERS** that, if Plaintiff fails to file an amended complaint within thirty (30) days of this Order, the Clerk of the Court shall enter judgment in Defendant's favor and close this case without further order of this Court; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

**All Citations**

Not Reported in Fed. Supp., 2023 WL 1431633

**Dobbs v. SEFCU, Not Reported in Fed. Supp. (2023)**

2023 WL 1431633

---

**End of Document**                                    © 2024 Thomson Reuters. No claim to original U.S. Government Works.