UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

NICOLE LEE DUNN,

                         Plaintiff,

                                                                    5:23-CV-0663
v.                                                                  (GTS/TWD)

JOHN DUBIEL, Chadwick Residence Board President;
JENNI GRATIEN, Executive Director;
ANNE GANNON, Administrator/Assistant to Exec. Dir.;
and JOY M. KING, Case Manager/Supervisor,

                         Defendants.
_____

APPEARANCES:

NICOLE LEE DUNN
  Plaintiff, *Pro Se*
8418 Theodolite Drive, #722
Baldwinsville, New York 13027

GLENN T. SUDDABY, United States District Judge

### DECISION and ORDER

Currently before the Court, in this *pro se* civil rights action filed by Nicole Lee Dunn

("Plaintiff") against John Dubiel, Jenni Gratien, Anne Gannon, and Joy King ("Defendants"), are

United States Magistrate Judge Thérèse Wiley Dancks' Report-Recommendation recommending

that Plaintiff's Amended Complaint be dismissed, without prejudice and without leave to amend,

for failure to state a claim, and Plaintiff's Objection to the Report-Recommendation. (Dkt. Nos.

19, 20.)

After carefully reviewing the relevant papers herein, including Magistrate Judge Dancks'

thorough Report-Recommendation, the Court can find no error in the Report-Recommendation,

clear or otherwise:  Magistrate Judge Dancks employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts.  (*See generally* Dkt. No. 19.)  As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons set forth therein.  To those reasons, the Court would add only one brief point.

Even when construed liberally, Plaintiff's Objection fails to contain a *specific* challenge to a finding or conclusion contained in the Report-Recommendation.  (*See generally* Dkt. No. 20.)  As a result, the "challenged" portion of the Report-Recommendation is entitled to only a clear-error review,[1] which it easily survives.  In the alternative, the Court finds that portion of the Report-Recommendation survives a *de novo* review.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Dancks' Report-Recommendation (Dkt. No. 19) is **<u>ACCEPTED</u>** and **<u>ADOPTED</u>** in its entirety; and it is further

**ORDERED** that Plaintiff's Amended Complaint (Dkt. No. 18) is **<u>DISMISSED</u> without prejudice and without prior leave to amend.**

**<u>The Court certifies that an appeal from this Decision and Order would not be taken in good faith.</u>**

---

[1]    When no specific challenge is made to a magistrate judge's report-recommendation, the Court subjects that report-recommendation to only a clear error review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999). When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).

Dated:   June 25, 2024
        Syracuse, New York

Glenn T. Suddaby
U.S. District Judge